## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

CHARLES LEE MCMILLION, SR.,    )
                             )
        Movant,          )
                             )
v.                           )     **CIVIL ACTION NO. 5:06-0563**
                             )     **(Criminal No. 5:04-00191)**
UNITED STATES OF AMERICA,    )
                             )
        Respondent.    )

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at USP Marion, filed a Motion Under 28 U.S.C.

§ 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on July 17, 2006.[1]

(Document No. 185.) By Standing Order, Movant's Motion was referred to the undersigned United

States Magistrate Judge for the submission of proposed findings of fact and a recommendation for

disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 189.)

### FACTUAL AND PROCEDURAL BACKGROUND

Movant and co-defendant, Charles Lee McMillion, Jr. [McMillion, Jr.], were charged in a

Six-Count Superseding Indictment filed on December 7, 2004. (Criminal Action No. 5:04-0191,

Document No. 82.) In Count One, Movant and McMillion, Jr. were charged with conspiring to

distribute at least 80 grams of oxycodone in violation of 21 U.S.C. § 846. (Id.) In Counts Two and

Three, Movant was charged with distribution of a quantity of oxycodone on October 8, 2003, and

October 9, 2003, in violation of 21 U.S.C. § 841(a)(1). (Id.) In Count Four, Movant and McMillion,

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Jr. were charged with aiding and abetting each other with the possession with intent to distribute a quantity of oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Id.) In Count Five, Movant was charged with the knowing use of a firearm (Marlin .22 caliber rifle) during and in relation to a drug trafficking crime on October 8, 2003, in violation of 18 U.S.C. § 924(c). (Id.) In Count Six, Movant was charged with knowing possessing firearms, specifically a loaded 9mm pistol and a Phoenix Arms .25 auto pistol, in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Id.) On January 14, 2005, the District Court held a Pretrial Motions hearing. (Id., Document No. 105.) The District Court had before it Movant's (1) Motion to Exclude 404(b) Evidence, (2) Motion to Suppress Evidence Seized from Movant's Residence and Movant's Statement to Law Enforcement Officers, and (3) Motion to Exclude Co-defendant's Statement or, in the Alternative, Motion for Separate Trail. (Id., Document Nos. 43, 55, 67, and 71.) By Order entered on January 19, 2005, the District Court (1) denied Movant's motion to suppress finding no violation of Rule 41 or the Fourth Amendment, and (2) denied Movant's motion for separate trial finding that redacting references to the existence of Movant's respective co-defendant would suffice to protect his rights under the Sixth Amendment. (Id., Document No. 109.) Following a jury trial conducted on January 26 - 27, 2005, Movant was convicted on all counts as charged in the Superseding Indictment. (Id., Document No. 124.) On January 31, 2005, Movant, by counsel, filed a Motion for New Trial and Judgment of Acquittal. (Id., Document No. 135.) In support of the Motion for New Trial and Judgment of Acquittal, Movant alleged that (1) "the trial Court erred in denying Defendant's motion to suppress the evidence obtained from the search of Defendant's residence as well as his statements to law enforcement officers following the search;" (2) "the trial Court erred in denying the Defendant's motion for separate trial based upon the Burton/Gray

principles;" (3) "the trial Court erred in allowing, under the guise of 'intrinsic evidence,' inadmissible 404(b) evidence to the prejudice of the Defendant;" (4) "the trial Court erred in not allowing the Defendant access to the grand jury information to determine potential bias of the grand jurors against him;" (5) "[t]here was insufficient evidence to convict the Defendant on the substantive counts of the Indictment in general (especially on Counts Two and Five) and on the conspiracy to distribute more than 80 grams of oxycodone in particular;" and (6) "Defendant argues that he was denied his procedural, as well as substantive, due process, by having his case decided by the jury which ignored and abandoned its collective and individual duty to 'weigh the evidence, determine the facts, and then to apply the law, as received in the instructions, to those facts to determine whether the accused is guilty or innocent." (Id.) By Memorandum Opinion and Order entered on March 3, 2005, the District Court denied Movant's Motion for New Trial and Judgment of Acquittal. (Id., Document No. 142.) A Presentence Investigation Report was prepared. (Id., Document No. 160.) Movant was sentenced on January 7, 2005. (Id., Document No. 151.) The District Court determined that Movant had a Base Offense Level of 24, and a Total Offense Level of 24, having applied no enhancements or adjustments. (Id., Document No. 171, Transcript of Sentencing Hearing, p. 17.) The District Court ordered that Movant serve a 51-month term of incarceration as to each of Counts One through Four, to be served concurrently, followed by a 60-month mandatory consecutive sentence as to Count Five and a mandatory consecutive 300-month sentence as to Count Six. (Id., Document Nos. 155 and 157.) Movant was further ordered to pay a fine of $1,200, special assessments totaling $600, and was sentenced to three years of supervised release on all counts to run concurrently. (Id.)

On July 13, 2005, Movant, by counsel, filed a Notice of Appeal. (Id., Document No. 158.) In his appeal, Movant argued that (1) the District Court erred in denying his motion to suppress; (2) the District Court erred by imposing two consecutive sentences, one for 5 years and one for 25 years, for convictions on Counts Five and Six under 18 U.S.C. § 924(c)(1); (3) the District Court erred in denying his motion for acquittal based on insufficient evidence as to Counts Two and Five; and (4) Movant was denied due process because the jury did not adequately deliberate about the charges against him. (Id.) The Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence on April 6, 2006. United States v. McMillion, 175 Fed.Appx. 588 (4th Cir. 2006).

On July 17, 2006, Movant filed his instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:06-0563, Document Nos. 185 and 187.) As grounds for *habeas* relief, Movant alleges counsel was ineffective based upon the following: (1) Counsel failed to adequately advise Movant of his right to testify (Id., Document No. 187, pp. 13 - 19.); (2) "Counsel was ineffective in closing argument, and, also violated Due Process when he told the jury that they should not believe Movant that no one else did" (Id., pp. 19 - 22.); (3) "Appellate counsel was ineffective for failure to raise the claims of ineffective assistance of counsel raised herein, and all other constitutional violations contained herein" (Id., pp. 22 - 24.); (4) "The cumulative effect of all of counsel's ineffectiveness created a fundamentally unfair criminal proceeding for Movant, and did substantially prejudice Movant by increasing his sentence from 5 to 10 years to approximately 35 years (Id., pp. 26 - 27); (5) "Movant was denied effective assistance of counsel when counsel advised him not to accept the government's plea offer, and never renegotiated for a plea" (Id., pp. 31 - 35.); (6) "Movant was denied effective assistance of counsel when counsel abandoned Movant's Confrontation Clause right when counsel failed to argue and/or adequately argue to sever the trial of Movant and McMillion, Jr., and, which also violated Movant's Due Process rights, and

4

Movant's right to present a witness in his defense" (Id., pp. 35 - 41.); (7) "Movant received ineffective assistance of counsel when counsel informed the prosecution during the detention hearing that the indictment had a cap on it" (Id., pp. 41 - 43.); (8) "Movant received ineffective assistance of counsel due to counsel's failure to argue that the confessions/statements were coerced due to Movant being illiterate, under the influence of drugs, under the influence of alcohol and/or withdrawing from the effects of his drugs/alcohol addiction at the time he gave his confession/statement, also in violation of Due Process Clause" (Id., pp. 43 - 46.); and (9) "Counsel was ineffective for failing to request that the funds confiscated be returned to Movant due to the funds never being linked to the drug activity" (Id., pp. 46 - 47.)

On November 7, 2006, the undersigned filed an Order requiring the United States to respond to Movant's claim. (Id., Document No. 193.) On December 26, 2006, the United States filed its Response to Movant's Motion arguing that Movant "failed to demonstrate that he received constitutionally defective representation in the course of his trial." (Id., Document No. 197.) Movant filed his "Traverse to the United States' Response" on January 5, 2007. (Id., Document No. 198.) Movant argues that trial counsel's representation was constitutionally defective and counsel's actions were not based upon trial tactics or strategy. (Id.) On October 20, 2008, Movant filed a Motion for Leave to Amend seeking to include his claim that his conviction as to Count Five should be set aside based upon Watson v. United States, ___ U.S. ___, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). (Id., Document No. 202.) Specifically, Movant asserts that he "did not commit a federal crime when he traded his drugs for a Marlin .22 Caliber Rifle, he only committed drug trafficking offense, not a § 924(c)(1) when he traded two doses of oxycodone hydrochloride (commonly called, oxycontin) to Joey (Joseph) Adkins for a Marlin .22 Caliber Rifle." (Id.) On May 11, 2009, the

5

undersigned granted Movant's Motion to Amend and ordered the United States to file an Answer to the Amended Motion. (Id., Document No. 212.)

On June 9, 2009, the United States filed its "Response to Movant's Amended § 2255 Motion." (Id., Document No. 223.) The United States concedes that "Defendant properly asserted a claim to have his conviction on Count Five of the Superseding Indictment under 18 U.S.C. § 924(c)(1) vacated and set aside based on Watson v. United States." (Id., p. 2.) The United States, therefore, states that it "does not oppose this Court setting aside defendant's conviction on Count Five of the Superseding Indictment in the above-captioned case." (Id.) The United States further contends that Movant "should be resentenced on Count Six of the Superseding Indictment." (Id., p. 3.) Movant did not file a Reply to the United States' Response.

## **DISCUSSION**

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal

6

will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

**A.      Ineffective Assistance of Counsel:**

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under Section 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance.

Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687 - 691, 104 S.Ct. at 2064 - 2066. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065 - 2066.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977). The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in

8

Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the result unreliable. Strickland, 466 U.S. at 687 - 88, 104 S.Ct. at 2064 - 2065; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), cert. denied, 502 U.S. 1112, 112 S.Ct. 1219, 117 L.Ed.2d 456 (1992).

1.      **Movant's claim that trial counsel failed to advise Movant of his right to testify.**

Movant alleges that "counsel merely informed him that he should not testify, without explanation of the constitutional rights which would be waived by not testifying." (Civil Action No. 5:06-0563, Document No. 187, p. 14.) Specifically, Movant states that he would have testified to the following:

(1) That movant only gave the statement(s) due to his belief that he would receive a reduced sentence. This belief was fostered by conversations both on and off the record by the police;
(2) That the .22 cal. Marlin rifle was sold to McMillion, Sr. by Adkins, and Adkins informed movant that the firearm was his personal weapon, and therefore, movant had no reason to believe the weapon was stolen;
(3) That movant purchased the .22 cal. Marlin rifle for $100.00 cash, and, did not trade drugs for the weapon;
(4) That movant was under the influence of both drugs (oxycodone) and alcohol at the time of the initial confession/statement and/or was 'dope-sick' due to being an addict thereafter;
(5) That movant had no true criminal record and/or he was not a felon;
(6) That the cash confiscated, which was located both in movant's wallet and safe, were the savings from movant's job driving a tow truck, a settlement from an auto accident and/or the proceeds from movant selling his brother-in-law a 1988 Chevy truck, and, not drug money and/or proceeds;
(7) That movant sold drugs to support his drug addiction, and, has never made a true profit on drug sales. The profits went back into the addition;
(8) That movant was/is illiterate;
(9) That when the arresting officers failed to arrest him on the day of the warrant,

9

although questioned him, movant believed that by answering their questions he would receive a reduced sentence. This was the reason explained to movant, both on and off the record, by the officers before movant was Mirandized;

(10) That movant has a low level of understanding, and, sometimes, when asked questions he will answer yes or no, whichever seems more appropriate, even when he does not understand the questions presented, so, that he will not have to show how illiterate and/or ignorant he actually is on any given day;

(11) That movant collects firearms, and that before this drug addiction he was under no disability whatsoever;

(12) That movant had no drugs in his safe, only cash. He did have 4 pills (oxycodone) in his pocket, which he gave to Officer Bailey upon request.

(Id., pp. 14 - 15.) Therefore, Movant argues that he was "effectively coerced into not testifying due to the lack of knowledge of his right to do so." (Id., p. 17.)

The undersigned finds that defense counsel's advice concerning whether a defendant should testify in his defense is a fundamental trial decision, which cannot be challenged as evidence of ineffective assistance of counsel. Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002), cert. denied, 537 U.S. 897, 123 S.Ct. 196, 154 L.Ed.2d 166 (2002); also see Hutchins v. Garrison, 724 F.2d 1425, 1436 (4th Cir. 1983), cert. denied, 464 U.S. 1065, 104 S.Ct. 750, 79 L.Ed.2d 207 (1984)(stating that "[c]ounsel's advice not to testify is a paradigm of the type of tactical decision that cannot be challenged as evidence of ineffective assistance.") Furthermore, Movant fails to establish that prejudice resulted from trial counsel's advice that Movant not testify at trial. Movant merely speculates that he would have been acquitted had he testified in his defense. The transcript of Movant's criminal trial reveals that the government presented a cooperating witness, Joseph Adkins, who testified that he traded stolen firearms to Movant in exchange for drugs. Additionally, the government admitted into evidence Movant's confession and a tape-recording of a controlled undercover drug transaction. In view of Movant's confession and the tape-recorded drug transaction, it was not unreasonable for counsel to advise Movant not to testify. Movant would have clearly been

subjected to extensive cross-examination, and possibly impeached had he taken the stand. Furthermore, defense counsel presented witnesses Jerry Brown, Sherry McMillion, and Richard Gardner, who testified in Movant's defense.[2] (Criminal Action No. 5:04-0191, Document No. 170, Trail Transcripts, pp. 99, 111-12, and 120.) Accordingly, Movant has failed to establish either prong of the <u>Strickland</u> analysis.

### 2.     Movant's claim that trial counsel was ineffective in closing argument.

Movant argues that "[c]ounsel was ineffective in closing argument, and, also violated Due Process when he told the jury that they should not believe Movant that no one else did." (Civil Action No. 5:06-0563, Document No. 187, p. 19.) Movant contends that "[b]y counsel advancing the theory, during closing argument, that his client was/is a lair, counsel effectively stated that his client was guilty of the crimes charged, and did deny movant his right to due process." (<u>Id.</u>, p. 20.) Specifically, Petitioner challenges the following statements:

> Or for that matter, they promised my client the world. They said, "Well, cooperate with us." Sure. What would be so difficult about my client not cooperating with you guys to make a phone call and get Mr. Slaten to West Virginia? Their excuse is, oh, we can't go and prosecute anybody in Virginia. Oh, baloney. They can do whatever they want to. They just didn't do it. There is no Mr. Slaten.
> Look at the search. They went there at nine or ten o'clock. They harassed my client for a couple of hours, so he gave them a statement. He told them something about a Bobby, something about some Mr. Slaten. They didn't buy it. They didn't follow up on it. They didn't believe it, and neither should you.

(Criminal Action No. 5:04-0191, Document No. 170, Trial Transcripts, p. 154.)

Absent such personal vouching, an attorney may fairly comment on the evidence during

---

[2]  Mr. Brown, Ms. McMillion, and Mr. Gardner testified that Movant bought the Marlin .22 rifle from Mr. Adkins for $100.00. The witnesses testified that Movant gave Mr. Adkins $95.00 for the gun and owed $5.00 for the gun. (Criminal Action No. 5:04-0191, Document No. 170, Trail Transcripts, pp. 99, 111-12, and 120.)

closing arguments. See United States v. Perez, 144 F.3d 204, 210 (2nd Cir. 1998)(approving use of "I submit" to urge the jury to reach certain conclusion without impermissibly interjecting the attorney's personal beliefs into the case); United States v. Catalfo, 64 F.3d 1070, 1080 (7th Cir. 1995), cert. denied, 517 U.S. 1192, 116 S.Ct. 1683, 134 L.Ed.2d 784 (1996)(counsel permitted to argue that jury should believe one witness over another); and United States v. Goodapple, 958 F.2d 1402, 1409 - 10 (7th Cir. 1992)(counsel may refer to a witness as a "lair" as long as the comment "reflect reasonable inference from the evidence adduced at trial rather than personal opinion"). In the underlying criminal trial, defense counsel merely pointed to inconsistency in the testimony. See United States v. Moore, 710 F.2d 157, 159 (4th Cir. 1983), cert. denied, 464 U.S. 862, 104 S.Ct. 192, 78 L.Ed.2d 169 (1983)(stating "[it] was of course permissible, indeed it was good trial advocacy, for the government to stress to the jury the inconsistencies and improbabilities in [the witness's] testimony"). Specifically, defense counsel emphasized that to convict Movant the jury would have to find the government's informant to be more credible than the three defense witnesses. Defense counsel proceeded on the strategy that Movant's confession was not reliable evidence because Movant told officers what he thought they wanted to hear. Specifically, counsel argued that officers persuaded Movant to give false, incriminating statements by "promis[ing] my client the world." Defense counsel did not refer to Movant as a lair or state that Movant was guilty of the charges contained in the Indictment. The undersigned further notes that the jury was instructed that the comments of the lawyers were not evidence and were not to be considered as matters of fact, and jurors are presumed to follow the court's instructions. Moreover, in light of the evidence against Movant, Movant fails to establish that these comments were so prejudicial as to deprive him of a fair trial. Accordingly, Movant's above claim of ineffective assistance of counsel should be dismissed.

3.      **Movant's claim that counsel was ineffective in his advise to refuse plea offer.**

Movant alleges that "the government brought a potential plea of 'plead guilty to the drug charges and the weapon charges will be dropped' to counsel, who advised rejection of the offer." (Civil Action No. 5:06-0563, Document No. 187, p. 31.) Movant states that "he was never properly advised, and being illiterate, was unable to comprehend legal theory, therefore the rejection of the plea offer was not an intelligent act." (Id., p. 33.) Movant contends that "when counsel failed to advise movant to accept the proffered plea, and failed to renegotiate a plea afer the initial indictment was unsealed, did provide movant with ineffective assistance of counsel, since, movant would have gladly accepted a potential 10-year or less plea, where the alternative was a mandatory 30-years on the two weapon charges alone." (Id.)

To succeed on a claim of ineffective assistance arising from plea negotiations, Movant must show that he would have accepted the government's plea offer had counsel advised him correctly about his sentencing exposure. United States v. Brannon, 48 Fed.Appx. 51, 53 (4th Cir. 2002). Even assuming trial counsel was objectively unreasonable in failing to adequately advise Movant, Movant fails to establish how he was prejudiced. The undersigned is not persuaded that there is a reasonable probability that Movant would have accepted the government's plea offer even if adequately advised by counsel. See Gallo-Vasquez v. United States, 402 F.3d 793, 798-99 (7th Cir. 2005)(finding no prejudice where defendant rejected a plea offer and continually asserted his innocence); Humphress v. United States, 398 F.3d 855, 859 (6th Cir. 2005), cert. denied, 546 U.S. 885, 126 S.Ct. 199, 163 L.Ed.2d 190 (2005)(stating that defendant's continued assertion of innocence supported the conclusion that he would not have entered into a plea agreement). With the benefit of hindsight and the knowledge of the jury verdict, Movant now contends that he "would have gladly accepted a

13

potentially 10-year or less plea, where the alternative was a mandatory 30-years on the two weapon charges alone." (Document No. 187, p. 24.) Movant, however, professed his innocence of the gun charges throughout the entire criminal proceedings and continues to assert his innocence in his instant Section 2255 Motion. Specifically, Movant argued during trial, and in the instant Motion, that he did not trade drugs for guns as charged in the Indictment and his confession was the involuntary. Thus, there is no indication that Movant would have accepted the plea offer but for counsel's alleged inaccurate advice. Accordingly, Movant's claim of ineffective assistance of counsel on the above ground should be dismissed.

### 4.    Movant's Claim that Trial Counsel Failed to Request Severance.

Movant alleges that his trial counsel was ineffective in his failure to request a severance of co-defendant's trial. (Civil Action No. 5:06-0563, Document No. 187, pp. 35 - 41.) Movant states that "[c]ounsel did argue the aspects of <u>Burton</u> and/or <u>Gray</u>, but failed to clearly argue for severance so that McMilion, Jr., would be allowed to testify on behalf of McMillion, Sr."[3] (<u>Id.</u>, p. 35.) Movant contends that McMillion, Jr. invoked "his right to remain silent under the Fifth Amendment, but would have testified for movant at severed trials." (<u>Id.</u>, p. 36.) Specifically, Movant alleges that McMillion, Jr., would have testified to the following:

> (1) That some of the witnesses put on the stand by the government were liars;
> (2) That his father, McMillion, Sr., was/is illiterate;
> (3) That his father, McMillion, Sr., was/is a drug and/or alcohol addict;
> (4) That movant has hardly any understanding of the legal process whatsoever;
> (5) That movant told him that he had purchased the firearm (.22 cal Marlin rifle) for $100.00 cash, and did not trade drugs for the weapon;
> (6) That his father, movant, told McMillion, Jr., that "Adkins" (the C.I./C.W.) was giving up hunting, that was the reason he sold his .22 cal. Marlin rifle for only

---

[3]  To the extent Movant bases his claim upon the violation the Sixth Amendment, the undersigned finds that trial counsel clearly raised the above issue in Movant's pretrial motions.

$100.00;

(7) That his father, McMillion, Sr., liked to collect guns;

(8) That his father, McMillion, Sr., sold drugs to support his drug and/or alcohol addictions, and that all profits that he ever saw made from the drug went back into the addiction;

(9) That the cash found in McMillion, Sr., safe and/or wallet was from:

      (I) his father's work as a tow truck operator/owner;

      (ii) his father's settlement from an auto accident; and/or

      (iii) his father's sale of a 1988 Chevy truck to his brother-in-law;

(10) That he has heard McMillion, Sr., mention a person named "Slaten."

(Id., pp. 36 - 37.)

Rule 8(b) of the Federal Rules of Criminal Procedure provides that defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense." Assuming there is proper joinder, it is well settled that "[b]arring special circumstances, individuals indicted together should be tried together." United States v. Brugman, 655 F.2d 540, 542 (4th Cir. 1981). The Fourth Circuit has stated that this "presumption is especially strong in conspiracy cases." United States v. Harris, 498 F.3d 278, 291 (4th Cir. 2007), citing United States v. Chorman, 910 F.2d 102, 114 (4th Cir. 1990); also see United States v. Akinkoye, 185 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1177, 145 L.Ed.2d 1111, 120 S.Ct. 1209 (2000)(stating that defendants charged with participation in the same conspiracy are generally to be tried jointly). Severance is proper "only if there is a serious risk that a joint trial will compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 538, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993). There is no right to severance because the evidence is stronger against one defendant, Harris, 498 F.3d at 291 - 92, or because the defendants may have a better chance of acquittal in separate trials, Zafiro, 506 U.S. at 540, 113 S.Ct.

at 938. Where a request for severance is based upon an asserted need for the co-defendant's testimony, the moving party must establish the following:

> (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of this co-defendant's testimony, and (4) the exculpatory nature and effect of such testimony. * * * Given such a showing, the court should (1) examine the significance of the testimony in relation to the defendant's theory of defense; (2) assess the extent of prejudice caused by the absence of the testimony; (3) pay close attention to judicial administration and economy; (4) give weight to the timeliness of the motion, and (5) consider the likelihood that the co-defendant's testimony could be impeached.

United States v. Parodi, 703 F.2d 768, 779 (4th Cir. 1983)(citations omitted); also see United States v. Nelson, 2 Fed.Appx. 236, 238 (4th Cir. 2001)(finding that defendant was not entitled to a severance where defendant wished to call his co-defendant as a witness, but failed to show that co-defendant would have likely testified and waived his Fifth Amendment privilege or that his testimony would have been exculpatory.)

Even assuming trial counsel was objectively unreasonable in failing to assert the above argument in Movant's Motion for Severance, Movant fails to establish how he was prejudiced. Movant fails to allege facts satisfying the standard set forth in Parodi. Although Movant provides a list of facts he believes McMillion Jr., would have testified to, Movant fails to demonstrate a bona fide need for the testimony.[4] The fact that Movant was illiterate and addicted to drugs was clearly

---

[4] Movant was convicted of the following: (1) one count of conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846; (2) two counts of distribution of a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1); (3) one count of aiding and abetting the distribution of a Schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; (4) two counts of use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924©.

brought out during the jury trial.[5](Criminal Action No. 5:04-0191, Document No. 169, Trial Transcript, pp. 175 - 86, Document No. 170, Trial Transcript, pp. 31 - 33.) Any potentially exculpatory testimony from McMillion, Jr., would have been cumulative testimony to that presented by the three defense witnesses. Specifically, Mr. Brown, Ms. McMillion, and Mr. Gardner testified that Movant bought the Marlin .22 rifle from Mr. Adkins for $100.00. (Criminal Action No. 5:04-0191, Document No. 170, Trail Transcripts, pp. 99, 111-12, and 120.) Furthermore, even though Movant claims that McMillion, Jr., would have waived his Fifth Amendment privilege and testified on Movant's behalf, McMillion, Jr. clearly invoked his right to remain silent during the underlying trial. Therefore, the undersigned finds that Movant was not prejudiced by counsel's failure to assert the above argument during the pretrial motions hearing.

5.    **Movant's claim that counsel made an improper argument during detention hearing.**

Movant argues that during the detention hearing, trial counsel improperly "brought to the attention of the prosecution that movant's indictment had a 'cap' on it." (Civil Action No. 5:06-0563, Document No. 187, pp. 41 - 42.) Movant alleges that "after movant was denied pretrial release, the prosecution requested and received a Superceding Indictment which removed the 'cap' from the indictment." (Id., p. 42.)

Based upon a review of the record, trial counsel argued during Movant's detention hearing that the rebuttable presumption set forth in 18 U.S.C. § 3142(e) did not apply because Movant faced

---

[5]   In Movant and McMillion, Jr.'s statements that were read to the jury, the parties confessed to being drug users and drug dealers. (Document No. 169, Trial Transcript, pp. 175 - 86, Document No. 170, Trial Transcript, pp. 31 - 33.) In Movant's statement, it was acknowledged that Movant could not read or write. (Criminal Action No. 5:04-0191, Document No. 169, Trial Transcript, p. 175).

less than 10 years under the Sentencing Guidelines. Specifically, trial counsel argued as follows:

> My client's position is that the indictment alleges conspiracy to distribute at least 80 grams but less than 100 grams of oxycodone. That's the maximum amount of drugs that the government charges my client in the conspiracy.
>
> Count two alleges a quantity of oxycodone being distributed over - - well, almost a year ago. Count three charges a quantity of oxycodone distributed allegedly on October 9th. Count four charges aiding and abetting and distribution of a quantity of oxycodone.
>
> Well, of course, counts two, three, and four must be included - - the amounts must be included in the conspiracy count. They're not obviously in addition to the conspiracy. So the largest amount of drugs that the government must prove to the jury is somewhere between 80 grams but less than 100 grams of oxycodone. And we look at the guideline obligation of it, we're looking at a level 28 that takes us, at least in my client's certain situation, from 70 to 87 months, if I'm correct. So we are nowhere near 10-years plus. That's why I don't agree there's any presumption as far as the drugs.

(Criminal Action No. 5:04-0191, Document No. 28, pp. 8 - 9.) The undersigned, however, determined that the rebuttal presumption set forth in 18 U.S.C. § 3142(e) was applicable. Specifically, the undersigned stated as follows:

> 21 United States Code, Section 846 is within the Controlled Substances Act. 18 United States Code, Section 3142(e) provides that subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act.
>
> The Court does find that a maximum term of imprisonment of twenty years is prescribed in the Controlled Substances Act for the charges, which are only charges lodged against these defendants. The Court finds that the rebuttable presumption, therefore, applies. And so, therefore, the burden of producing evidence to rebut the presumption stands with the defendants presently.

(Id., p. 15.)

The undersigned finds that trial counsel was not objectively unreasonable in presenting the above argument during the detention hearing. Furthermore, Movant fails to establish how he was prejudiced. Although Movant was later charged in a Superseding Indictment with knowingly

18

conspiring to distribute at least 80 grams of oxycodone[6] in violation of 21 U.S.C. § 841(a)(1), Movant merely speculates that the Superceding Indictment was the result of trial counsel's detention hearing argument. (Criminal Action No. 5:04-0191, Document No. 82.) There is no indication that a Superseding Indictment would not have been filed but for counsel's arguments. Accordingly, Movant has failed to establish either prong of the Strickland analysis.

**6.    Movant's claim that counsel was ineffective in failing to get confession suppressed.**

Movant argues that trial counsel should have objected to the admission of Movant's statement by arguing "that the confessions/statements were coerced due to movant being illiterate, under the influence of drugs, under the influence of alcohol and/or withdrawing from the effects of his drug/alcohol addiction at the time he gave his confession/statement." (Civil Action No. 5:06-0563, Document No. 187, pp. 43 - 46.)

First, the undersigned finds that the decision whether and how to object to evidence is a question of strategy for trial counsel. An attorney's strategic decision is presumed reasonable and protected from second guessing under Strickland. Furthermore, there is no evidence that Movant was prejudiced by counsel's failure to object to the admission of Movant's statement based upon Movant's alleged illiteracy and drug addiction. Although Movant alleges that his statement was unreliable due to his illiteracy and drug addiction, there is no evidence that Movant was under the influence of drugs or did not understand his rights at the time of his statement.[7] Accordingly,

---

[6] In the original Indictment, Movant was charged with knowingly conspiring to distribute at least 80 grams but less than 100 grams of oxycodone in violation of 21 U.S.C. § 841(a)(1). (Criminal Action No. 5:04-0191, Document No. 1.)

[7] Movant acknowledged that he understood his rights prior to giving his statement. (Criminal Action No. 5:04-0191, Document No. 169, Trial Transcript, pp. 175 - 86.)

Movant's ineffective assistance of counsel claim on this ground should be dismissed.

7. **Movant's claim that counsel was ineffective in failing to request a return of funds.**

Movant alleges that counsel was ineffective in "failing to request that the funds confiscated be returned to movant." (Civil Action No. 5:06-0563, Document No. 187, p. 46.) A movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief. United States v. Roane, 378 F.3d 382, 403 (4th Cir. 2004). Movant, however, fails to explain how trial counsel was ineffective in failing to request the return of the confiscated funds. Further, Movant fails to allege how counsel's above failure resulted in prejudice. Accordingly, Movant's above claim of ineffective assistance of counsel should be dismissed.

8. **Movant's claim that trial counsel was ineffective in filing his appeal.**

Movant alleges that "[a]ppellate counsel was ineffective for failure to raise the claims of ineffective assistance of counsel raised herein." (Civil Action No. 5:06-0563, Document No. 187, p. 22.) Specifically, Movant states that "even though counsel does not have to raise his own ineffectiveness on appeal, it is movant's position that the issues contained herein in this Motion, and, discounting the ineffectiveness, would have likely achieved better results than the claims advanced by counsel in the direct appeal of this criminal matter." (Id.)

It is well settled that "a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992), cert. denied, 507 U.S. 942, 113 S.Ct. 1342, 122 L.Ed.2d 725 (1993); also see United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000)(Constitutional claims of ineffective assistance of counsel are more properly raised in Section

2255 proceedings and not on direct appeal). Based upon a thorough review of the record, the undersigned finds that the record does not conclusively show ineffective assistance of trial counsel. Further, the undersigned has considered and found no merit in Movant's above claims of ineffective assistance of counsel. Thus, when no merit is found in a claim of ineffective assistance of trial counsel, appellate counsel cannot be found ineffective for failing to raise those same meritless issues on appeal. United States v. Cook, 45 F.3d 388, 392 (10th Cir. 1995)("When defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. * * * If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel."(Citation and quotation marks omitted.)) Furthermore, counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating that no decision "of this Court suggests...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The "[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(quoting Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). Therefore, Movant's claim of ineffective assistance of counsel on the above ground should be dismissed.

**9. Movant's claim of cumulative errors.**

Movant alleges that the "cumulative effect of all of counsel's ineffectiveness created a fundamentally unfair criminal proceedings for movant, and, did substantially prejudice movant by

increasing his sentence from between 5 to 10 years to approximately 35 years." (Civil Action No. 5:06-0563, Document No. 187, p. 26.) Movant further contends that "movant's conviction resulted from a complete miscarriage of justice due to the issues addressed herein both cumulatively and/or individually." (Id., p. 27.) In Arnold v. Evatt, 113 F.3d 1352 (4th Cir. 1991), the Fourth Circuit Court of Appeals specifically rejected a request to cumulatively review alleged trial court errors. Id. Under the cumulative error analysis, the individual claims of error must first be reviewed on the merits to determine if they are in fact actual errors. See Fisher v. Angelone, 163 F.3d 835 (4th Cir. 1998); United States v. Russell, 34 Fed.Appx. 927 (4th Cir. 2002) (unpublished). As set forth above, the undersigned has determined that Movant's ineffective assistance of counsel claims are without merit and, therefore, do not constitute error. Accordingly, the undersigned finds that there is no error to cumulate in this case.

**B.**   **Watson Claim:**

Finally, Movant contends that his conviction on Count Five should be set aside based upon Watson v. United States, ___ U.S. ___, 128 S.Ct. 579, 169 L.Ed.2d 472 (2007). (Id.) Specifically, Movant asserts that he "did not commit a federal crime when he traded his drugs for a Marlin .22 Caliber Rifle, he only committed drug trafficking offense, not a § 924(c)(1) when he traded two doses of oxycodone hydrochloride (commonly called, oxycontin) to Joey (Joseph) Adkins for a Marlin .22 Caliber Rifle." (Id.) Thus, Movant contends that his receipt of a firearm in exchange for drugs does not support his conviction of "using" a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). (Id.)

Respondent concedes that "Defendant properly asserted a claim to have his conviction on Count Five of the Superseding Indictment under 18 U.S.C. § 924(c)(1) vacated and set aside based

22

on Watson v. United States." (Document No. 223, p. 2.) Therefore, Respondent states that it "does not oppose this Court setting aside defendant's conviction on Count Five of the Superseding Indictment in the above-captioned case." (Id.) Respondent further requests that the District Court re-sentence Movant on Count Six of the Superseding Indictment. (Id., p. 3.)

Based on the foregoing, the undersigned finds that Movant's conviction on Count Five should be vacated and set aside. In Watson, the United States Supreme Court held that a person who trades drugs for firearms does not "use" a firearm within the meaning of Section 924(c)(1). Watson, ___ U.S. at ___, 128 S.Ct. at 586. In the underlying criminal case, Movant was charged and convicted in Count Five of using a firearm during and in relation to a drug trafficking crime (receiving a Marlin .22 caliber rifle in exchange for drugs) on October 8, 2003, in violation of 18 U.S.C. § 924(c). Accordingly, the undersigned recommends that Movant's conviction as to Count Five of the Superseding Indictment be vacated and set aside based upon Watson.

When awarding relief under Section 2255, a District Court is authorized to conduct re-sentencing. United States v. Hillary, 106 F.3d 1170 (4th Cir. 1997); United States v. Smith, 115 F.3d 241 (4th Cir. 1997), cert. denied, 522 U.S. 922, 118 S.Ct. 315, 139 L.Ed.2d 244 1997)(holding that after a successful collateral attack upon a defendant's Section 924(c) conviction, the District Court had jurisdiction to re-sentence the defendant and that such a re-sentencing "does not violate either due process or double jeopardy concerns at least so long as the related portions of the sentence have not been fully served"). Respondent, therefore, requests that Movant be "resentenced on Count Six, the remaining firearm count of conviction for which the defendant was sentenced to a mandatary consecutive 25-year sentence." The undersigned notes that Movant received a statutorily mandated sentence of 25 years with regards to Count Six because the conviction was considered a "second or

subsequent conviction" pursuant to 18 U.S.C. § 924(c)(1)(c).[8] Assuming the District Court overturns Movant's conviction as to Count Five, the undersigned finds that Movant's conviction on Count Six will no longer qualify as a "second or subsequent conviction." Therefore, the undersigned recommends that Movant be re-sentenced under 18 U.S.C. § 924(c)(1)(A) as to Count Six of the Superceding Indictment.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 141.) as to his claim that his convictions should be set aside based upon ineffective assistance of counsel, **GRANT** Movant's Section 2255 Motion as to his claim that his conviction on Count Five of the Superseding Indictment should be vacated and set aside based upon <u>Watson v. United States</u>, and **RE-SENTENCE** Movant as to Count Six of the Superceding Indictment.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing) and ten days (filing of objections) from the date of filing of this Proposed Findings and Recommendation within which

---

[8] In Count Five, Movant was charged with the knowing use of a firearm (Marlin .22 caliber rifle) during and in relation to a drug trafficking crime on October 8, 2003, in violation of 18 U.S.C. § 924(c). (<u>Id.</u>) In Count Six, Movant was charged with knowing possessing firearms, specifically a loaded 9mm pistol and a Phoenix Arms .25 auto pistol, in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). The undersigned notes that Movant does not argue that his conviction on Count Six should be overturned based upon *Watson*.

to file with the Clerk of this Court, written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant and to counsel of record.

Date: July 2, 2009.

R. Clarke VanDervort
United States Magistrate Judge