**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

CHARLES LEE MCMILLION, SR.,

        Petitioner,

v.                                    CIVIL ACTION NO.  5:06-cv-00563
                                          (Criminal No. 5:04-cr-00191-01)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [Docket 185]. Previously in this case, the Court entered a Memorandum Opinion and Order [Docket 226] in which it adopted the recommended findings of the magistrate judge as to all matters except as to a portion of Petitioner's ineffective assistance of counsel claim, granted Petitioner's motion as to his claim under *Watson v. United States*, 522 U.S. 74 (2007), through which he sought to vacate one of the counts of conviction under 18 U.S.C. § 924(c) in his underlying criminal case. The Court then set the matter for resentencing as to Petitioner's remaining § 924(c) conviction and directed counsel to file any briefing, memoranda, or affidavits regarding Petitioner's ineffective assistance of counsel claim with in advance of the resentencing hearing. The Court convened the resentencing hearing on August 31, 2009, during which the Court vacated Petitioner's conviction on Count Five of the superceding indictment, re-sentenced Petitioner to 5 years on Count Six to be served consecutive to the 51

months he is already serving concurrently on Counts One through Four, reduced Petitioner's fine to $1000.00, and reduced the special assessment to $500.00.

The Court also heard from counsel at the hearing on Petitioner's ineffective assistance of counsel claim regarding his plea negotiations with the Government. Having considered the arguments advanced at the hearing by counsel for Defendant and for the Government as well as the affidavits submitted by the parties, the Court is now ready to rule on Petitioner's remaining claim.

## I.  FACTUAL BACKGROUND

On September 24, 2004, Petitioner was charged in a six-count indictment with the following crimes: Count One: Conspiracy to Distribute at Least 80 Grams but Less Than 100 Grams of Oxycodone in violation of 21 U.S.C. § 846; Count Two: Distribution of Oxycodone in violation of 21 U.S.C. § 841(a)(1); Count Three: Distribution of Oxycodone in violation of 21 U.S.C. § 841(a)(1); Count Four: Aiding and Abetting the Possession with the Intent to Distribute Oxycodone in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; Count Five: Using a Weapon During and in Relation to a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A); and Count Six: Possession of a Firearm During and in Relation to a Drug Trafficking Crime in violation of 924(c)(1)(A). On December 7, 2004, the Government filed a Superceding Indictment [Docket 82], the only material alteration in which was the removal of the 100 gram limit in Count One. Petitioner was at all relevant times in his underlying case represented by CJA panel attorney Matthew Victor. Petitioner was tried before United States District Judge David A. Faber beginning on January 26, 2005. On January 27, 2005, the jury convicted Petitioner on all six counts. Petitioner then appealed his conviction to the United States Court of Appeals for the Fourth Circuit, which affirmed the

judgment of the district court in an unpublished opinion entered on May 1, 2006. Petitioner timely filed his § 2255 motion approximately two and a half months later, on July 17, 2006.

In his Memorandum [Docket 187] in support of his § 2255 motion, Petitioner alleges that he "was denied effective assistance of counsel when counsel advised him not to accept the governments plea offer, and, never renegotiated for a plea." (Docket 187 at 31.) In support of this allegation, Petitioner contends that the Government presented his counsel with an offer that the Government would drop the gun charges if Petitioner would plead guilty to the drug charges. Further, Petitioner alleges that his counsel advised him to reject that offer. Aside from this bald allegation, Petitioner provides no evidence that this offer was ever presented. However, the Court nevertheless inquired of counsel at the resentencing hearing regarding this claim.

On August 21, 2009, the Government submitted the affidavit of Petitioner's counsel, Matthew Victor, as evidence that the alleged plea offer never took place. In the affidavit, Mr. Victor states that, although he has no specific recollection of the plea negotiations in Petitioner's case, he "always present[s] plea offers and/or agreements to [his] clients and discuss[es] with them any potential benefits and risks associated with an acceptance or rejection of a plea agreement." (Docket 237-1 at 1.) Mr. Victor further states, "It is never my practice to tell my clients to accept or reject a plea agreement. It is always a client's decision whether to accept or reject a plea agreement." (*Id.*)

At the hearing, counsel for Petitioner represented to the Court that Petitioner believed that there was an offer by the Government that would have dismissed the gun charges if Petitioner would plead to the drug charges. However, with respect to Petitioner's conversations with Mr. Victor, counsel for Petitioner noted that Petitioner is illiterate and that he is not well-versed in the legal system, and therefore may have misunderstood the precise nature of the negotiations. Further,

3

counsel admitted that there is no evidence to prove that the offer was ever made. Specifically, counsel noted that in addition to Mr. Victor having no specific recollection of Petitioner's plea negotiations, the file maintained by Mr. Victor is now in the hands of Petitioner, who keeps the file with him while in custody in Indiana. The Court notes that, although Petitioner was not permitted to bring the file with him to West Virginia, he appears to have had access to the file at some point during these proceedings and could have filed any evidence in support of his claim contained in the file prior to the hearing.

In fact, the only document regarding a plea offer produced by either party is a written plea agreement stamped "file copy" that was found in the United States Attorney's Office file. That agreement, which was admitted into evidence as Government's Exhibit 3 [Docket 239 at 6–11] at the hearing, presents an offer of a plea to Counts Two and Five. Although there is no evidence that the agreement was actually presented to Petitioner, it nevertheless contains at least one gun charge, contrary to Petitioner's allegations.

The Government then presented the Court with the affidavit of Mr. Edward Kornish [Docket 239 at 2–3], the Special Assistant United States Attorney who prosecuted Petitioner. In that affidavit, Mr. Kornish states: "While I do not have a specific recollection of any plea offers made to Mr. McMillion, I do remember that one of the main reasons for prosecuting Mr. McMillion federally was the firearm aspect of the case. To that end, I believe I would remember making a plea offer to only the drug counts and I have no such memory." (Docket 239 at 2.) Further, Mr. Kornish states that any plea offer would have been in writing, and that the office policy in effect at that time required as such. (*Id.*) The office policy also required "that the most serious, readily provable crime [] be pursued [and] that if an indictment contained a violation of 18 U.S.C. § 924(c), the attorney

4

handling the case had to seek and acquire the authorization of the United States Attorney to offer a plea agreement that did not contain the § 924(c) charge." (*Id.* at 2–3.)

The Government further indicated that the office policy requiring pursuit of the most serious readily provable offense is based on the so-called Ashcroft Memo, authored by then-Attorney General John Ashcroft and distributed to all federal prosecutors on September 22, 2003, and in effect at the time of Petitioner's indictment and trial. *See* Memorandum Regarding Policy on Charging of Criminal Defendants from John Ashcroft, Attorney General to All Federal Prosecutors (Sept. 22, 2003), *available at* http://www.usdoj.gov/opa/pr/2003/September/03_ag_516.htm. Under that memo,

> [a] prosecutor may forego or dismiss a charge of a violation of 18 U.S.C. § 924(c) only with the written or otherwise documented approval of an Assistant Attorney General, United States Attorney, or designated supervisory attorney, and subject to the following limitations:
>
> (i) In all but exceptional cases or where the total sentence would not be affected, the first readily provable violation of 18 U.S.C. § 924(c) shall be charged and pursued.
>
> (ii) In cases involving three or more readily provable violations of 18 U.S.C. § 924(c) in which the predicate offenses are crimes of violence, federal prosecutors shall, in all but exceptional cases, charge and pursue the first two such violations.

*Id.* Thus, under this policy, the Government, as it stated at the hearing, would be required to pursue at least one of the § 942(c) violations and would have to seek written permission to offer a plea to only the drug counts. However, the Government represented that no such authorization was contained in the file.

## II. APPLICABLE LAW

As Magistrate Judge VanDervort correctly noted in his Proposed Findings and Recommendation (PF&R) [Docket 224], Petitioner bears a heavy burden to prove that his trial attorney failed to render effective assistance. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). In *Strickland*, the Supreme Court noted:

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

466 U.S. at 690. Thus, Petitioner must satisfy a two-part test to prove that his counsel was ineffective. First, he must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. Then, upon making that showing, Petitioner must further prove "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

## III. ANALYSIS

Here, Petitioner has failed to meet the first element of showing that his attorney's representation fell below an objective standard of reasonableness. Simply put, there is no evidence in the record that Petitioner was ever presented an offer that would have permitted him to plead guilty to only the drug charges. The only evidence in support of his claim is Petitioner's own memory, a theory that is undermined by his counsel's representation that Petitioner is illiterate and not well-versed in legal matters, and therefore may have misunderstood what was actually presented.

Further, all the evidence that has been presented thus far suggests that no such offer was ever made. If the offer had been made, Mr. Victor would have presented it to Petitioner and allowed Petitioner to decide for himself whether to accept it.[*] Further, as Mr. Kornish stated, the guns were the primary concern in Petitioner's case that gave rise to the federal prosecution. Thus, it is highly unlikely that the Government would have permitted Petitioner to plead without including at least one of the § 924(c) charges. Even if the Government did wish to make such an offer, it would have been required to seek written permission from the United States Attorney. However, there is no evidence of any communication between Mr. Kornish and the United States Attorney regarding the plea negotiations. Moreover, such an offer would have contravened a department-wide policy implemented the previous year by the Attorney General. Indeed, the only documentary evidence regarding any plea offer in this case is an unsigned written agreement contained in the United States Attorney's Office file providing that Petitioner would plead guilty to one drug count and one gun count—in direct contradiction to Petitioner's allegation.

Upon consideration of the evidence before the Court and the inferences that can be drawn from that evidence, the Court finds that Petitioner has not shown that he was ever offered a plea agreement to only the drug charages. Therefore, he has failed to meet his burden of proving that his attorney performed any acts or omissions that fell below an objective standard of reasonableness, and his motion for relief on his ineffective assistance of counsel claim accordingly must fail.

---

[*] In the context of Defendant's criminal case, and admittedly with the benefit of hindsight, the Court would expect that highly competent counsel, such as Mr. Victor, would strongly recommend such a plea, if offered, to the drugs only, thereby avoiding a mandatory minimum of thirty years, under the law at that time.

*IV. CONCLUSION*

Based on the foregoing, the Court **ADOPTS** the recommendation contained in the PF&R [Docket 224] as to Petitioner's ineffective assistance of counsel claim, **DENIES** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 [Docket 185] as to that claim, and, having previously granted Petitioner relief on his *Watson* claim, **DISMISSES** the case from the Court's docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 8, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE